CHARLES R. WESTBROOK, PLAINTIFF, v. WILLIAM GLEASON AND OTHERS, DEFENDANTS.

*Mortgage given by vendor, upon land in possession of vendees under contract of sale — lien of — how divested.*

On June 13th, 1868, McKoon executed and delivered to one S. a mortgage upon certain premises, 55 acres of which were then in the possession and occupation of one Jones, under a contract of sale made by their respective predecessors in title and interest, which mortgage was not recorded until January 8th, 1869. On October 27, 1868, S. assigned the mortgage to plaintiff, by whom it was recorded January 8th, 1869. October 1st, 1868, McKoon conveyed the 55 acres to Jones, who had no notice of the mortgage to S., and took back a mortgage for $500, to secure a portion of the purchase price, the deed and mortgage being recorded December 1st, 1868. December 2d, McKoon assigned his mortgage to Gleason, who took it in good faith, believing it to be a first lien, and the assignment was by him, on March 7th, 1870, duly recorded. In 1870, Gleason foreclosed his mortgage and purchased the 55 acres upon the sale.

In an action brought to foreclose the plaintiff's mortgage, *held*, that the plaintiff, by his mortgage, acquired a lien upon the 55 acres to the extent of the amount of the purchase price then unpaid upon the contract of sale, and for no more.

That, upon the execution of the $500 mortgage by Jones, the lien continued to that extent

That the foreclosure of this mortgage and the purchase of the property by Gleason was in substance a payment of it by Jones, and that, as neither Jones nor Gleason had any knowledge of plaintiff's mortgage, the lien thereof upon the said 55 acres was thereby divested.

APPEAL from a judgment entered upon the report of a referee.

This action was brought to foreclose a mortgage made by the defendant McKoon to M. Schoonmaker, and by the latter assigned to the plaintiff, which mortgage bore date June 13th, 1868, and was given to secure the payment of $1,500 and interest. At the time of giving the mortgage, one Samuel Jones was in the actual possession of fifty-five acres of the mortgaged premises, under a contract of purchase made between their predecessors in title and interest respectively; and improvements had been made thereon by Jones and his predecessor holding thereunder. In performance of this contract McKoon, by deed dated October 1st, 1868, conveyed to Jones the fifty-five acres, held and occupied by the latter under the contract, and Jones gave back to McKoon a mortgage covering the premises conveyed, of the same date, to

secure $500 of the purchase price which remained unpaid. The
deed to Jones and the mortgage back to McKoon were recorded
in the proper clerk's office December 1st, 1868, and on the next
day, December 2d, 1868, McKoon assigned the bond and mort-
gage to the defendant, William Gleason. The assignment to
Gleason remained unrecorded until March 7th, 1870. The plain-
tiff's mortgage was recorded January 8th, 1869, having been
assigned to him by Schoonmaker, October 27th, 1868. Jones
took his deed from McKoon in fulfillment of the contract, and
gave back the mortgage in good faith, believing that he was
acquiring an unincumbered title to the fifty-five acres conveyed to
him by McKoon; and Gleason purchased the mortgage from
McKoon, and took the assignment of it also in good faith, believ-
ing it to be a first lien upon the premises covered by it, after
having searched the records and finding no incumbrance upon
them.

In 1870 Gleason foreclosed the mortgage made by Jones of the
fifty-five acres; purchased the premises on the foreclosure sale;
took the referee's deed thereof; entered into possession, and after-
wards contracted to sell the same to one Lapaugh. The latter
then went into possession, and the contract to sell remained out-
standing when this action was tried and decided at Special Term,
with Lapaugh's assignee in possession thereunder.

October 1st, 1868, McKoon conveyed to Catharine Siebert one
hundred and ten acres, being also a part of the mortgaged premi-
ses covered by the plaintiff's mortgage; the deed to Siebert was
recorded December 9, 1868.

The appellant, Brown, claimed under the title to Siebert; and
defended on the ground that the premises held by him, described
in the deed to Siebert, had been released and discharged from the
lien of the plaintiff's mortgage. Gleason defended, setting up the
facts above stated as to the fifty-five acres conveyed to Jones.

Two other parties defended; but their defenses need not be
noticed, as they did not appeal from the judgment. The court
at Special Term, found that the sum of $1,310 remained due and
unpaid on the plaintiff's mortgage; *held*, that the mortgage was a
lien on Gleason's fifty-five acres, but that Gleason's mortgage was
entitled to priority of payment; that the plaintiff was not bound

· by Gleason's foreclosure, because not made a party to it; and further, that Brown's defense was unsustained.

Judgment having been entered, the plaintiff appealed from so much thereof as related to Gleason's rights; and Brown appealed from the entire judgment.

Such other facts as are not above stated, and which are important to be considered on the appeals, are noted in the following opinion:

*M. Schoonmaker*, for the plaintiff.

· *Wm. Gleason*, in person.

*J. F. Bradner*, for defendant Brown.

BOCKES, J.:

The appeal affecting the rights of Mr. Gleason will be first considered.

The plaintiff's mortgage bears date June 13th, 1868; but was not recorded in the proper clerk's office until January 8th, 1869. At the time this mortgage was given, one Samuel Jones was in possession of the fifty-six acres now claimed by the defendant, Gleason, under a contract of purchase. The relation between McKoon, the mortgagor, and Jones, was that of vendor and vendee, or purchaser, with actual, open and notorious possession by Jones, the vendee, under the contract. Thus, at this time McKoon had the legal title, subject to Jones' rights under the contract of purchase and sale. The lien of the mortgage was, therefore, only to the extent of the unpaid purchase money; and it would lose its lien, or in other words, the lien would be defeated by the payment of the unpaid purchase money by Jones, if paid in good faith without notice of the mortgage lien. (*Moyer* v. *Hinman*, 13 N. Y., 180; *Trustees, etc.* v. *Wheeler*, 61 N. Y., 88.)

Nor would the recording of the mortgage given by McKoon be notice to Jones of the lien. (Cases above cited, also *Young* v. *Guy*, 5 W. D., 399.) Gleason insists that the purchase money remaining due and unpaid on the contract to purchase, was in legal effect paid by or through Jones in good faith, and without notice

of the plaintiff's mortgage, hence that the lien was discharged. It seems that on the 1st of October, 1868, and in performance of the contract, McKoon holding an apparent unincumbered title, conveyed the premises to Jones, and the latter gave back to McKoon his bond with a mortgage covering the premises conveyed, to secure the payment of the purchase money. This deed to Jones and his mortgage back to McKoon were duly recorded in the clerk's office December 1, 1868. Now if Jones had then paid up the contract price by him agreed to be paid, instead of giving a mortgage therefor, he would have been protected in his title against the lien of the plaintiff's mortgage, the payment being made in ignorance of the latter mortgage. But instead of making payment Jones gave his mortgage for $500, the remaining unpaid purchase money, and took a deed. The giving of the mortgage was not payment, and the plaintiff's mortgage therefore retained its lien on the premises to the extent of the $500, which lien was, however, subject to be defeated by payment of the Jones mortgage, now representing the unpaid purchase money; so be it that payment thereof should be made in good faith, without notice of the prior mortgage. Then the question is, was the Jones mortgage so paid and satisfied before this action was commenced? It is found that Jones took his deed from McKoon in fulfillment of the contract under which he held and occupied the premises, and gave back the mortgage, all in good faith, believing that he acquired an unincumbered title thereto; and further that Gleason purchased the mortgage from McKoon and took the assignment of it also in good faith, believing it to be a first lien upon the premises. Nor did the records at this time disclose any lien or incumbrance upon the premises prior to the Jones mortgage, if that fact be of any importance, in view of the rule of law that the recording of the plaintiff's mortgage would not have been notice to the vendee in possession at the time of the giving of the mortgage, or to any one claiming under him. So, too, in so far as can be determined from the record before the court, the foreclosure of the Jones mortgage by Gleason, his purchase at the mortgage sale, acceptance of the referee's deed under it, and subsequent contract of sale of the premises to Lapaugh were all in good faith, without notice either to Jones or Gleason of the plain-

tiff's mortgage. By such foreclosure proceedings the Jones mortgage was paid and satisfied in so far as it had effect as a lien on the fifty-five acres. The foreclosure with confirmation of the sale and deed to Gleason operated as compulsory payment by Jones. In legal effect it was as much payment, considered with reference to the premises covered by it, as if payment had been voluntarily made by Jones, the mortgagor. The law by these proceedings gave or appropriated Jones' property in payment of the debt.

It is suggested that notice to McKoon, Gleason's assignor, was notice to the latter. But that does not reach the difficulty. Notice to Jones before payment by him in good faith was requisite, in order to put the plaintiff in a position to gainsay such payment. So if, instead of a foreclosure, Jones being called on for payment by Gleason, had surrendered and quit-claimed the premises to Gleason, and the latter had in consideration surrendered and satisfied the mortgage, all in good faith, without notice of the plaintiff's lien, would not that have been in law payment and satisfaction of the mortgage ? Did not the foreclosure and deed to Gleason accomplish the same result ? If so, then why does not Gleason take Jones' place under his deed from McKoon, with entire payment of the contract price, leaving nothing on which the lien of the plaintiff's mortgage could now attach ? We are of the opinion that the foreclosure proceedings and deed to Gleason, under the circumstances of this case, operated as payment in law of the Jones mortgage, and such payment having become effectual without actual notice to either Jones or Gleason of the plaintiff's mortgage, the lien thereof was lost or divested.

It follows, therefore, that the judgment given in this case is more favorable to the plaintiff than he can justly claim. But the defendant, Gleason, has not appealed, and therefore must be deemed to have accepted it as rendered.

It is not intended here to intimate that the judgment awarded may not be vindicated, in so far as it affects Gleason's rights, on the theory adopted by the court at Special Term. But if the conclusion above reached be sound, the case need not be further examined on the plaintiff's appeal.

The appeal by Brown seems entirely groundless in view of the

issues raised by his answer and the findings of the court. He does not aver in his answer, nor is it found as a fact by the court, that Siebert, under whom he claims, was a *bona fide* grantee without notice of the plaintiff's mortgage. Such finding was necessary to enable him to invoke protection in his title from the registry laws. The defense that he did interpose, to wit: that the premises claimed by him were released and discharged from the lien of the plaintiff's mortgage, is not sustained by the findings of the court; and we have nothing but the findings before us from which to determine the facts. The evidence given on the trial is not contained in the case.

The portion of the judgment appealed from by the plaintiff must be affirmed, with costs of the appeal to the defendant Gleason against the appellant; and the plaintiff is entitled to judgment of affirmance on Brown's appeal, with costs of appeal against him.

LEARNED, P. J., and OSBORN, J., concurred.

Ordered accordingly.